UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY T. HARDIN,<br><br>        Plaintiff,<br><br>    v.<br><br>DAVID WILSON, et al.,<br><br>        Defendants. | Case No.: 1:17-cv-01232 - LJO - JLT<br><br>FINDINGS AND RECOMMENDATIONS DISMISSING THE ACTION WITHOUT PREJUDICE |

Plaintiff initiated this action by filing a complaint on September 14, 2017. (Doc. 1) The Court finds Plaintiff is unable to state a claim upon which relief may be granted, as his claim is barred by the *Younger* abstention doctrine. In addition, the defendants are entitled to prosecutorial immunity. Therefore, the Court recommends Plaintiff's complaint be **DISMISSED** without prejudice.

**I.    Pleading Standards**

The Federal Rules of Civil Procedure set forth the applicable standards for pleading complaints. A pleading stating a claim for relief must include a statement affirming the court's jurisdiction, "a short and plain statement of the claim showing the pleader is entitled to relief; and . . . a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a). The Federal Rules adopt a flexible pleading policy, and *pro se* pleadings are held to "less stringent standards" than pleadings by attorneys. *Haines v. Kerner*, 404 U.S. 519, 521-21 (1972).

A complaint must give fair notice and state the elements of the plaintiff's claim in a plain and

succinct manner. *Jones v. Cmty Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1984). Further, a plaintiff must identify the grounds upon which the complaint stands. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002). The Supreme Court noted,

> Rule 8 does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

*Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009) (internal quotation marks and citations omitted). Conclusory and vague allegations do not support a cause of action. *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982). The Court clarified further,

> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [Citation]. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. [Citation]. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. [Citation]. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Iqbal*, 566 U.S. at 678 (citations omitted). When factual allegations are well-pled, a court should assume their truth and determine whether the facts would make the plaintiff entitled to relief; legal conclusions in the pleading are not entitled to the same assumption of truth. *Id.*

The Court has a duty to dismiss a case at any time it determines an action fails to state a claim, "notwithstanding any filing fee that may have been paid." 28 U.S.C. § 1915e(2). Accordingly, a court "may act on its own initiative to note the inadequacy of a complaint and dismiss it for failure to state a claim." *See Wong v. Bell*, 642 F.2d 359, 361 (9th Cir. 1981) (citing 5 C. Wright & A. Miller, *Federal Practice and Procedure*, § 1357 at 593 (1963)). However, leave to amend a complaint may be granted to the extent deficiencies of the complaint can be cured by an amendment. *Lopez v. Smith*, 203 F.3d 1122, 1127-28 (9th Cir. 2000) (en banc).

## II.     Factual Allegations

Plaintiff alleges that on August 4, 2010, he "was arrested and charged with murder and sent to jail." (Doc. 1 at 1) David Wilson, with the Kern County District Attorney's Office, prosecuted the action. (*Id.*) Plaintiff was convicted by a jury of first degree murder in January 2013 and sentenced to

2

serve "26 years to life." (*Id.* at 1-2) Plaintiff appealed this conviction. (*Id.* at 2)

Plaintiff's conviction of first degree murder was "reversed on account of prejudicial prosecutorial error." *See People v. Hardin*, 2016 Cal. App. Unpub. LEXIS 5231 at *83 (July 15, 2016). Plaintiff alleges the reversal was due to "prosecuting attorney David Wilson misstating a law / rule on insanity, violating court rules and regulations." (Doc. 1 at 2) According to Plaintiff, this demonstrates "vindictive prosecutorial misconduct." (*Id.*)

Plaintiff reports that on November 9, 2016, he "was transferred back to Lerdo Detention Facility in Kern County Superior Court Jurisdiction in Case Number BF133303A." (Doc. 1 at 2) Plaintiff's case is now awaiting a new trial.[1]

### III. Discussion and Analysis

#### A. *Younger* abstention

In general, federal courts are required to abstain from interfering on ongoing state criminal matters. *Younger v. Harris*, 401 U.S. 37, 43-45 (1971). This abstention doctrine applies if four conditions are met: "(1) a state-initiated proceeding is ongoing; (2) the proceeding implicates important state interests; (3) the federal plaintiff is not barred from litigating federal constitutional issues in the state proceeding; and (4) the federal court action would enjoin the proceeding or have the practical effect of doing so, i.e., would interfere with the state proceeding in a way that *Younger* disapproves." *San Jose Silicon Valley Chamber of Commerce Political Action Comm. v. City of San Jose*, 546 F.3d 1087, 1092 (9th Cir.2008).

First, it is clear the state criminal proceedings are ongoing, and Plaintiff is in the custody of the state. Second, the state criminal proceedings implicate important state interests. Indeed, in *Kelly v. Robinson*, 479 U.S. 36, 49 (1986), the Court held, "This Court has recognized that the States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief." Likewise, in

---

[1] The Court may take notice of facts that are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b); *United States v. Bernal-Obeso*, 989 F.2d 331, 333 (9th Cir. 1993). The accuracy of state court records cannot reasonably be questioned, and judicial notice may be taken of court records. *Mullis v. United States Bank. Ct.*, 828 F.2d 1385, 1388 n.9 (9th Cir. 1987); *Valerio v. Boise Cascade Corp.*, 80 F.R.D. 626, 635 n.1 (N.D. Cal. 1978), *aff'd* 645 F.2d 699 (9th Cir. 1981); *see also Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236m 1239 (4th Cir. 1989). Therefore, judicial notice is taken of the docket in Case No. BF133303A.

*Younger*, the Supreme Court held, "Since the beginning of this country's history Congress has, subject to few exceptions, manifested a desire to permit state courts to try state cases free from interference by federal courts." *Younger*, 401 U.S. at 43.

Plaintiff clearly challenged the actions of the prosecutor by appealing the action in state court, which resulted in the new trial. Thus, he has a full and fair opportunity to raise the federal claims in state court. *Commc'ns Telesys. Int'l v. Cal. Pub. Util. Comm'n*, 196 F.3d 1011, 1019 (9th Cir.1999). Finally, it appears Plaintiff's complaint seeks to insert the federal court into the ordinary course of state criminal proceedings and, if permitted, would threaten the autonomy of the state court.

### B. Prosecutorial Immunity

As a deputy district attorney, Mr. Wilson enjoys absolute immunity when acting in the scope of his duties in the investigation and pursuit of a criminal prosecution. *See Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976); *Botello v. Gammick*, 413 F.3d 971, 976 (9th Cir. 2005) (it is "well established that a prosecutor has absolute immunity for the decision to prosecute a particular case"); *Demery v. Kupperman*, 735 F.2d 1139, 1144 (9th Cir.1984) (prosecutors are absolutely immune from civil liability for post-litigation as well as pre-litigation handling of case).

"Functions for which absolute prosecutorial immunity have been granted include the lawyerly functions of organizing and analyzing evidence and law, and then presenting evidence and analysis to the courts and grand juries on behalf of the government; they also include internal decisions and processes that determine how those functions will be carried out." *Lacey v. Maricopa County*, 693 F.3d 896 (9th Cir. 2012) (citing *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993). Significantly, as the Ninth Circuit explained, "[p]rosecutors are absolutely immune from liability for the consequences of their advocacy, *however inept or malicious*, because it is filtered through a neutral and detached judicial body..." *Id.* (emphasis added). Thus, though Plaintiff believes the prosecutor in his action acted in a vindictive manner through erroneously stating the law to the jury, he remains immune to suit. Likewise, to the extent Plaintiff believes the evidence did not support his original conviction, the prosecutor is immune from suit for the decision to pursue a conviction for first degree murder.

### IV. Findings and Recommendations

Based upon the facts alleged, it does not appear the deficiencies can be cured by amendment,

and leave to amend would be futile. *See Lopez*, 203 F.3d at 1130; *See Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff is unable to proceed on his claim for malicious prosecution in this Court in light of the *Younger* abstention doctrine and prosecutorial immunity that is enjoyed by the deputy district attorney and Kern County District Attorney's Office. Accordingly, the Court **RECOMMENDS**:

1. Plaintiff's complaint be **DISMISSED** without prejudice;
2. The Clerk of Court be **DIRECTED** to close this action.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within fourteen days after being served with these findings and recommendations, Plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991); *Wilkerson v. Wheeler*, 772 F.3d 834, 834 (9th Cir. 2014).

IT IS SO ORDERED.

Dated: __**February 12, 2018**__          __**/s/ Jennifer L. Thurston**__
                                                          UNITED STATES MAGISTRATE JUDGE